# SUPREME COURT.

## TRUMBALL C. KIMBERLY, receiver, &c., appellant agt. ALVAN E. PARKER, respondent.

The practice which prevailed before the Code, of *moving for judgment, as in case of nonsuit,* for not bringing the cause to trial, on showing that later issues upon the calendar had been tried, is still continued under the present revision of the rules, by rule 27.

But this practice, as well as the rule referred to, govern the disposition of only such causes as may be noticed and placed upon the calendar for trial at the circuit. It is entirely unadapted to causes that have been *referred.*

Before the revision of the rules of 1847, the only mode in which the defendant could dispose of an action which had been referred, was to apply to the court, by special motion, for leave to notice and bring on the trial of the cause himself; and if such leave was given, to notice the cause for trial, and obtain a report against the plaintiff. The substantial advantages secured by this practice to the defendant have been preserved and continued by the Code, by conferring upon him the right to notice and bring on the trial before the referee, without any special leave of the court.

By the revision of the rules of 1847, rule 43 allows the defendant, without procuring leave to notice and bring on the hearing himself, to give notice to the plaintiff, requiring him to bring the cause to trial within forty days; and if he fails to do so, the defendant is at liberty, upon showing these facts, to move for judgment, as in case of nonsuit.

There is nothing in the authority conferred by the Code upon the defendant, to notice the cause for trial himself, that is inconsistent with the continuance of this practice under rule 43. Both may exist together, without any real or apparent conflict whatever.

Therefore, under the state of practice provided for by the Code, allowing the defendant to notice the cause and bring on the trial, the previous practice, providing for motions for judgment as in case of nonsuit, are still available in actions that have been referred.

But the defendant cannot move for judgment as in case of nonsuit under the 43d rule, without first giving the *notice* requiring the plaintiff to bring on the trial of the action, as that rule prescribes. That notice, as well as the plaintiff's default in complying with it, are indispensably necessary to entitle the defendant to judgment, as in case of nonsuit, where the action has been referred.

A motion for judgment as in case of nonsuit cannot be made by a single defendant under section 274 of the Code, as that section provides only for those cases where there are *several defendants,* and the plaintiff has unreasonably neglected to serve the summons on some or one of them, or to proceed in the cause against the defendant or defendants who may have been served.

*Eighth District, Buffalo General Term, November,* 1867.
*Before* DANIELS, MARVIN *and* DAVIS, *Justices.*

THIS action has been referred to a referee; and on or

about the eighth day of August, 1866, the plaintiff's attorney served a notice of trial by mail upon the defendant's attorney, giving notice that it would be brought to trial before the referee, at Batavia, on the twenty-third of that month. The defendant appeared with his witnesses, at that time, at Batavia; but the referee did not appear, and had not been requested to appear by the plaintiff or his attorney, to hear the cause, and no hearing or trial was had. The defendant moved for judgment at the special term, held in Allegany county, for a dismissal of the complaint, for want of prosecution, on account of the omission of the plaintiff to proceed to trial before the referee, pursuant to such notice. The court granted the motion, unless the plaintiff should, within ten days, pay the defendant's witnesses' fees for attendance at Batavia, pursuant to the notice of trial, and ten dollars in addition thereto, together with seven dollars' costs of the motion.

From this order the plaintiff appealed.

H. WILBUR, *for appellant.*
WILKES ANGEL, *for respondent.*

DANIELS, Justice. The motion made in this case is what would have been known under the system of practice which prevailed before the Code, as a motion or judgment, as in a case of nonsuit. The cases in which such motions could be made, the facts which warranted them, and the terms upon which they were usually disposed of, were clearly defined and settled by that practice. (1 *Burrill's Practice,* 420, 422.) And that practice is still continued under the present revision of the rules, by rule 27. But this practice, as well as the rule referred to, govern the disposition of only such causes as may be noticed and placed upon the calendar for trial at the circuit. It is entirely unadapted to causes that have been referred; for the defendant must show by his affidavits, on which the motion is founded, either that the cause

has not been noticed for trial at all, and could have been tried if it had been, or that, being noticed and upon the calendar, it was not moved by the plaintiff, and later issues were tried at the circuit. It would be obviously impracticable to comply with these requirements, where the cause has been referred to be tried before a referee. For that reason this rule of practice was regarded by the courts as including only such actions as could be properly noticed for trial at the circuit. The motion could not be regularly made under it, therefore, in an action that had been referred. This was so held in *Ex parte Sheldon* (12 *Wend.* 268).

Before the revision made of the rules of this court, in 1847, the only mode in which the defendant could dispose of an action that had been referred was to apply to the court by special motion, for leave to notice and bring on the trial of the cause himself. And if that leave was given, as it always was when a proper case arising out of the plaintiff's default was shown, the defendant could notice the cause for trial, and obtain a report against the plaintiff from the referee. (*Bissell* agt. *Lee*, 16 *John.* 45). The substantial advantages secured by this practice to the defendant have been preserved and continued by the Code, by conferring upon him the right to notice and bring on the trial before the referee, without any special leave of the court being secured for that purpose. But this renders it necessary that the defendant shall subject himself to expenses of preparing for the trial of the cause, and of securing the attendance of his witnesses, at the time when, according to his notice, he intends to bring on the trial of the action. In cases where the plaintiff should be irresponsible, and has no meritorious cause of action, this mode of proceeding would prove peculiarly burdensome to the defendant; so much so, in many instances, as to subject him to great loss, as well as positive injustice.

The inconvenience and injustice which the practice previously existing produced, secured the adoption of the forty-third rule, contained in the revision of 1847 for government

and disposition of actions that had been referred.  By this
rule the defendant, without procuring leave to notice, and
bring on the hearing himself, was allowed to give notice to
the plaintiff requiring him to bring the cause to trial within
forty days; and if he failed to do so, the defendant was then
at liberty, upon showing those facts, to move for judgment,
as in case of nonsuit.  There is nothing in ·the authority
now conferred by the Code upon the defendant, to notice the
cause for trial himself that is inconsistent with the continu-
ance of this practice.  Both may well exist together with-
out any real or apparent conflict whatever.  And that view
of the provisions of the Code is maintained by the present
rules of the court in respect to causes which may be noticed
and brought on for trial at the circuit.  For in those causes,
the defendant may notice the action for trial, place it upon
the calendar, and bring on the trial under the express provi-
sion of the Code.  And·by the existing rule he may, if he
so elect, omit to notice the action for trial at the circuit, and
move for a dismissal of the complaint at the special term.
There is no more conflict between the former mode of pro-
ceeding in this respect and that provided by the Code in
cases that may have been referred, than there is between
them where the trial must be had at the circuit, and
under the state of practice provided for by the Code, allow-
ing the defendant to notice the cause and bring on the trial,
the previous practice providing for motions for judgment as
in case of nonsuit, would seem to be still available in actions
that have been referred.  For where there is no inconsistency
between the new and the old practice, the latter to that ex-
tent has been continued in force (§ 469 *of Code of Procedure.*)
And in all those cases where no provision has been made
by the statute, and no rule in the present revision has been
made for their government, the rules previously adopted con-
tinue to exist.  (*Rule 93 of Supreme Court.*)

But the mode of practice provided by the forty-third rule
adopted in 1847 will not sustain the order made by the

special term, from which the plaintiff has appealed, for no notice was ever given by the defendant requiring the plaintiff to bring on the trial of the action, as that rule prescribes. And that notice, as well as the plaintiff's default in complying with it, are indispensibly necessary to entitle the defendant to judgment, as in case of nonsuit where the action has been referred.

The defendant, however, insists that the course pursued in this case is warranted by subdivision four of section 274 of the Code. But that does not provide for dismissing the complaint of the plaintiff on account of his unreasonable neglect to bring the issue in the action to trial. It provides only for those cases where there are several defendants, and the plaintiff has unreasonably neglected to serve the summons on some, or one of them, or to proceed in the cause against the defendant or defendants who may have been served. The first part of this subdivision, by its express language, relates only to those cases where all the defendants in the action have not been served with the summons. The latter branch, though not as clearly expressed, implies that it was intended to relate to actions in the same condition as those previously mentioned, that allows the defendant who may have been served with the summons, and as to whom an issue may have been joined, or a complaint demanded and not served, to move to dismiss the complaint, on account of the plaintiff's unreasonable neglect to proceed against him, notwithstanding the fact that there may be other defendants in the action who have not been served with process. The defendant or defendants who are thus authorized to move for a dismissal of the complaint, are designated as those who have been " served " for the purpose of distinguishing them from the other defendants in the action, and the action itself, from those in which all the defendants may have been served with the summons. The word " served " is used as a distinguishing circumstance, for the purpose of indicating the cases in which, as well as the party by whom, the motion

mav be made. If this part of the subdivision had been intended to include cases in which all the defendants were before the court, the word "served" would most probably have been omitted, because that intention could have been more clearly and much better expressed without it. But the word is pre-eminently and significantly used, and from the connection in which it is found, it must have been intended to so far qualify the subdivision as to limit its application to the class of cases so clearly described in the preceding portion of it. If it does not perform that office it can be of no practical service or meaning whatever.

By a well settled rule of the preceding practice, a defendant or defendants jointly sued with others could not move for judgment, as in case of non-suit, because the plaintiff unreasonably neglected to proceed against them, or to bring those not served with process before the court. Those who were served were bound to wait, until all had been served with process and issue was joined as to all, or the other defendants had made default, before they could move for judgment, as in case of nonsuit. This was often found to be a serious defect in the practice, and it frequently occasioned great embarrassments, producing needless delays and injustice. The subdivision under consideration supplied this defect, and corrected the mischief produced by it. It was probably to accomplish that result that it was created as a part of the Code; and its utility in this respect must tend very much to confirm the propriety of the construction placed upon it. This subdivision could not, for the reasons stated, have been intended to warrant the proceeding resorted to for the purpose of dismissing the complaint in this case; and there is nothing else in the Code which can in any manner support it.

Where a party, without intending to bring the cause to a hearing, serves upon his adversary a notice of trial, or afterwards wantonly or unreasonably refuses to bring on the trial before the referee, for the purpose of subjecting his opponent

to unnecessary trouble and expense, the court, by virtue of its general control over its suitors and officers, would undoubtedly have the power to impose the payment of such expense, by way of punishment, upon the party whose unjustifiable conduct occasioned it. And if that had been the order applied for and directed in the conrt below, sound and wholesome reasons could be found for sustaining it. But such was not the nature of the proceedings taken by the defendant. The object of those taken by him was the dismissal of the complaint, which, under the circumstances disclosed, had no well founded authority for its support.

The order of the special term must therefore be reversed.

MARVIN, J., dissenting.